IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID HALE, :

    Plaintiff, : Case No. 3:13cv00182

vs. : JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY, :

    Defendant. :

---

CORRECTED DECISION AND ENTRY TO ONE FILED SEPTEMBER 29, 2014, BY CHANGING THE WORD "UNWARRANTED" TO "WARRANTED," ON PAGE FOUR, PARAGRAPH 2, LINE 2

---

The Court's decision of September 29, 2014 is corrected to reflect the following on page four, paragraph 2, line 2, by changing the word "unwarranted" to "warranted." The Corrected Decision and Entry is attached hereto.

August 24, 2015

                                                                         _____
                                                                         WALTER H. RICE, JUDGE
                                                                     UNITED STATES DISTRICT COURT

Copies to:

Counsel of record

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID HALE,                                      :

      Plaintiff,                           :    Case No. 3:13cv00182

  vs.                                              :    JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY,    :

      Defendant.                          :

---

CORRECTED DECISION AND ENTRY TO THAT FILED SEPTEMBER 29, 2014, ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #12) IN THEIR ENTIRETY AND OVERRULING DEFENDANT'S OBJECTIONS (DOC. #13) TO SAID JUDICIAL FILING; JUDGMENT TO ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT, VACATING COMMISSIONER'S FINDING THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; MAKING NO FINDING AS TO WHETHER PLAINTIFF WAS SO DISABLED; AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g), FOR FURTHER PROCEEDINGS SET FORTH BELOW; TERMINATION ENTRY

---

    Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On March 5, 2014, the United States Magistrate Judge filed a Report and Recommendations (Doc. #12), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be vacated; that no finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act; and that the captioned cause be remanded to the Defendant Commissioner, pursuant to Sentence Four

of 42 U.S.C. § 405(g), for further administrative proceedings. Based upon reasoning and citations of authority set forth in both the Magistrate Judge's Report and Recommendations (Doc. #12) and in the Plaintiff's Reply to Defendant's Objections to that judicial filing (Doc. #14), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (Doc. #6), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. The Defendant's Objections to said judicial filing (Doc. #13) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is vacated and the captioned cause remanded to the Defendant Commissioner for further proceedings as set forth below.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole

function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the

Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. As did the Magistrate Judge, this Court concludes that Plaintiff's challenges to the Commissioner's review of the opinions provided by treating physicians, Drs. Gaeke and Das, are well taken, and, therefore, that her rejection of said medical opinions from treating sources is not supported by substantial evidence. Likewise, Plaintiff's challenges to the Administrative Law Judge's credibility determination are well taken and the Hearing Officer's failure to appropriately evaluate Plaintiff's credibility and reports of pain is not supported by substantial evidence.

2. Remand for further administrative proceedings, rather than one for an immediate award of benefits, is warranted, given that the evidence of disability is not overwhelming and, additionally, because the evidence of a disability is not strong while contrary evidence is weak. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994). Upon remand, the Administrative Law Judge is directed to (1) evaluate all the medical source opinions of record and Plaintiff's credibility under the legal criteria applicable under the Commissioner's Regulations and Rulings and as mandated by case law; and (2) review Plaintiff's disability claim

under the required five step sequential analysis to determine anew whether he was under a disability and, accordingly, eligible for benefits under the Social Security Act.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #12) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was <u>not</u> supported by substantial evidence. Defendant's Objections to said judicial filing (Doc. #13) are overruled.  Judgment will be ordered entered in favor of the Plaintiff and against Defendant Commissioner, vacating the Commissioner's finding that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act; making no finding as to whether Plaintiff was under a qualifying disability within the meaning of the Social Security Act; and remanding the captioned cause to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings set forth above.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

August 24, 2015

                                                    WALTER H. RICE, JUDGE
                                                    UNITED STATES DISTRICT COURT

Copies to:

Counsel of record